1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

ESTRALITTA TOWNSLEY,

CASE NO. C12-1909 RSL

11

Plaintiff,

ORDER GRANTING MOTION TO
COMPEL MENTAL HEALTH
EXAMINATION

12

v.

13

GEICO INDEMNITY COMPANY,

14

Defendant.

15

16         This matter comes before the Court on "GEICO Indemnity Company's Motion to

17    Compel FRCP 35 Mental Examination." (Dkt. No. 12.) The Court considered the briefing and all

18    related documents and GRANTS the motion.

19

20                                              **Background**

21         Plaintiff Estralitta Townsley brings a claim for underinsured motorist benefits stemming

22    from personal injury damages, bad faith, and Washington Consumer Protection Act violations.

23    (Dkt. No. 201 at 16.)  Townsley is an insured under Defendant GEICO Indemnity Company

24

1   ("GEICO") policy number 4190-18-23-96, which was in full force and effect as of May 4, 2010,

2   the date of the accident giving rise to this lawsuit. (Id.) On that day, Townsley's vehicle was

3   struck by another driver who the parties agree was at fault. (Dkt. No. 5 at 2.) Townsley claims

4   the driver at fault was underinsured. (Dkt. No. 2-1 at 17.) GEICO denies the driver at fault was

5   underinsured. (Dkt. No. 5 at 2.) The parties agree Townsley's GEICO policy provided

6   underinsured motorist benefits. (Id.) Townsley alleges GEICO, in bad faith, failed to negotiate

7   with Townsley relevant to her claim for underinsured motorist benefits. (Dkt. No. 2-1 at 6.)

8   Plaintiff asserts GEICO is responsible for 100% compensation for her injuries subject to policy

9   limits. (Id.)

10          In her complaint, in a section entitled "Damages to Plaintiff," Townsley alleges she

11   suffered "severe and permanent personal injuries and damages, to include . . . [several physical

12   ailments,] emotional and mental distress, loss and/or impairment of her capacity and ability to

13   enjoy life and its pleasures, loss of employment, . . .and other damages[.]"  (Dkt. No. 13-1 at 39.)

14   GEICO attempted to schedule a mental health examination with psychiatrist Douglas Robinson,

15   M.D. to examine Plaintiff's mental condition in order to determine if there are pre-existing or

16   unrelated mental components to her claims. (Dkt. No. 12 at 2.) Plaintiff refused, but did agree to

17   GEICO's request she undergo a rheumatologic examination and a chiropractic examination. (Id.

18   at 5.)

19          GEICO asks the Court to compel a mental health examination pursuant to Federal Rule of

20   Civil Procedure 35 or the "cooperation clause" contained in the insurance contract at issue. (Dkt.

21   No. 12.) To support its request, GEICO asked Dr. Robinson to review Townsley's medical

22   records to advise whether a psychiatric evaluation is warranted and necessary. (Id.) In a letter

23   dated March 17, 2013, Dr. Robinson stated upon review of Townsley's medical records and

24

other documents, "[s]omatization, secondary gain, and distortions from irrational beliefs" may be present and "could influence Ms. Townsely's beliefs and attributions regarding damages from the accident." (Dkt. No. 13-1 at 4.) GEICO also produces deposition testimony from Townsley taken April 17, 2013 in which she acknowledges a past diagnosis of "PTSD" (post-traumatic stress disorder). (Dkt. No. 31-1 at 6.) A psychiatric evaluation of Townsley from 1997 submitted by GEICO shows past diagnoses of a panic disorder, major depression, fibromyalgia and migraines. (Dkt. No. 13-1 at 9.) Based on these past diagnoses and Dr. Robinson's evaluation, GEICO asks the Court to order Townsley to submit to a mental health evaluation. (Dkt. No. 12 at 10-11.)

Townsley's GEICO policy contained a cooperation clause that reads in relevant part, "The injured person shall submit to examination by doctors of our choice. Such examinations will be at our expense and as often as we may reasonably ask." (Dkt. No. 13-1 at 35.) GEICO argues even if the Court does not believe a Rule 35 examination is appropriate, Townsley is independently required to submit to a mental health examination based on this clause. (Dkt. No. 17 at 3.)

## Discussion/Analysis

### I.      Federal Rule 35

Federal Rule 35(a)(1) provides the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." In Schlagenhauf v. Holder, the U.S. Supreme Court held, where the opposing party places the condition of the person to be examined in controversy, the moving party must make "an affirmative showing . . . that each condition as to which the examination is

1    sought is really and genuinely in controversy and that good cause exists for ordering each

2    particular examination." 379 U.S. 104, 119 (1964).

3         Courts interpreting Rule 35(a) have considered whether: (1) the plaintiff pled a cause of

4    action for intentional or negligent infliction of emotional distress; (2) the plaintiff alleged a

5    specific mental or psychiatric injury; (3) the plaintiff  pled a claim for unusually severe

6    emotional distress; (4) the plaintiff plans to offer expert testimony to support a claim of

7    emotional distress; and/or (5) the plaintiff conceded that his or her mental condition is "in

8    controversy" for purposes of Rule 35(a).  Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal.

9    1995). "The weight of the authority on this issue establishes that in order for a party seeking to

10   compel a psychiatric examination under Rule 35 to establish that the other party's mental

11   condition is 'in controversy' within the meaning of the Rule, the moving party must show more

12   than that the party in question has claimed emotional distress." Id. at 97.

13        Some courts have held a plaintiff puts her mental health in controversy when it appears

14   "inextricably intertwined" with the full story of her claim and the emotional distress alleged is

15   severe and beyond a "garden variety" claim. See, Thiessen v. Gen. Elec. Capital Corp., 178

16   F.R.D. 568, 571-2 (D. Kan. 1998). However, courts in the 9th Circuit have consistently found a

17   Rule 35 examination is not warranted where none of the Turner factors exist and the case does

18   not surpass a generic claim for emotional distress. See, e.g., Montez v. Stericycle, Inc., 2013 U.S.

19   Dist. LEXIS 69984, *11 (E.D. Cal.); Ford v. Contra Costa County, 179 F.R.D. 579, 580 (N.D.

20   Cal. 1998). Additionally, courts should consider the possibility of obtaining the desired

21   information from other means in determining if there is good cause to order a Rule 35

22   examination. Bargen v. United States, 2007 U.S. Dist. LEXIS 81639, *2 (N.D. Cal.).

23

24

1    Townsley alleges a generic claim for emotional and mental distress. (Dkt. No. 2-1 at 20.)

2  Nothing in Townsley's Complaint specifically says the emotional distress is particularly severe.

3  The thrust of GEICO's argument is Townsley's mental health is at issue because past undisputed

4  mental health diagnoses "pervade into each of her claims for damages in this case" because they

5  may "overlap with, exacerbate and simulate the symptoms she claims to experience" as a result

6  of the motor vehicle crash underlying this claim. (Dkt. No. 17 at 5.) The fact Townsley has past

7  diagnoses related to mental health and also alleges a generic claim for mental distress is not

8  enough to put her mental health "in controversy." Under the 9th Circuit standards, a Rule 35

9  mental health examination is not appropriate in this case. However, Townsley is independently

10  obligated to comply with a mental health examination because of the cooperation clause she

11  agreed to in the insurance contract at issue.

12    II.    Cooperation Clause

13

14    Defendant argues if the Court does not find good cause to order an examination under

15  Rule 35, it is independently entitled to require an examination based on the cooperation clause

16  requiring a claimant to submit to a medical exam in the insurance contract at issue. (Dkt. No. 12

17  at 10.) In Washington, cooperation clauses are enforceable and an insured that "substantially and

18  materially" breaches a cooperation clause is barred from bringing suit if the insurer can show it

19  has been actually prejudiced by the breach. Staples v. Allstate Ins. Co., 176 Wn.2d 404, 410

20  (2013). Cooperation clauses requiring medical examinations have been specifically upheld in

21  Washington as not violating public policy and enforceable. Albee v. Farmers Ins. Co., 92 Wn.

22  App. 866, 873 (1998).

23    If the action demanded under a cooperation clause is "not material to the investigation or

24  handling of a claim, an insurer cannot demand it." Id. at 414. An action is material if it is

1  "concerning a subject reasonably relevant and germane to the insurer's investigation as it was

2  proceeding at the time it made the demand." Pilgrim v. State Farm Fire & Cas., 89 Wn. App.

3  712, 720 (1997). To show actual prejudice an insurance company must show an "identifiable

4  detrimental effect on the insurer's ability to evaluate or present its defense to coverage or

5  liability." Staples, 176 Wn.2d at 419 (quoting Tran v. State Farm Fire & Cas. Co., 136 Wn.2d

6  214, 228-29 (1998)). The burden to show prejudice resulting from breach of the cooperation

7  clause is on the insurer, and "not every breach discharges performance" by the insurer. Pilgrim,

8  89 Wn. App. at 724-25.

9        Plaintiff's response fails to specifically address the issue of the cooperation clause.

10  Plaintiff does object generally to the necessity of a psychiatric examination on grounds that any

11  relevant information is available in Townsley's medical records. (Dkt. No. 14 at 6.) Defendant

12  demonstrates the psychiatric examination is "reasonably relevant and germane" to its

13  investigation and defense insofar as it believes Townsley's physical symptoms are, in whole or

14  in part, psychologically rooted and this will be part of the defense.  (Dkt. No. 17 at 3.) Defendant

15  also shows it will be prejudiced if the cooperation clause is not enforced because its defense is

16  likely to be, at least in part, based on the results of the psychiatric examination it requests. (Dkt.

17  No. 12 at 9.) Because the insurance contract at issue contains a cooperation clause, and

18  Defendant has shown its request for a mental health examination is reasonably relevant to its

19  defense and failure to enforce the cooperation clause will be prejudicial, the cooperation clause

20  must be enforced. Pursuant to the cooperation clause, the Court GRANTS Defendant's motion

21  and Townsley is ORDERED to submit to a mental health examination. The Court also GRANTS

22  Defendant's request that the time to submit an expert report on Plaintiff's mental health be

23  extended to 21 days following the examination.

24

## Conclusion

Pursuant to the cooperation clause in the contract at issue, Plaintiff must submit to a mental health examination.  Defendant's motion is GRANTED and Plaintiff is ORDERED to submit to a mental health examination. Defendants must submit its expert report on Plaintiff's mental health within 21 days of the examination.

Dated this 27th day of June, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO COMPEL
MENTAL HEALTH EXAMINATION- 7