UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
ESTRALITTA TOWNSLEY,                    )
                                        )   No. C12-01909RSL
                    Plaintiff,          )
        v.                              )
                                        )   ORDER DENYING MOTION TO
GEICO INDEMNITY COMPANY,                )   REMAND
                                        )
                    Defendant.          )
_____)

This matter comes before the Court on plaintiff's "Motion to Remand Matter to King County Superior Court." Dkt.# 33. Plaintiff requests a remand of the above-captioned case to state court because the amount in controversy claimed in her Amended Complaint falls below the jurisdictional threshold. Id. For the reasons set forth below, the Court DENIES plaintiff's motion to remand.

**Background**

Plaintiff was injured in an automobile accident on May 4, 2010. Dkt.# 33. Plaintiff then brought suit against GEICO Indemnity Company ("GEICO") in King County Superior Court on October 1, 2012. Dkt.# 1. GEICO properly removed the suit to federal court on October 29, 2012. Id. At the time of removal, the parties were diverse and the amount in controversy was more than $75,000. Dkt.# 33. On August 19, 2013, plaintiff filed an Amended Complaint which specifically limited her claim to GEICO's UIM coverage of $50,000. Dkt.# 30. Plaintiff requests the court to remand the suit back to state court because the amount in

ORDER DENYING REMAND

controversy is now less than $75,000.  Dkt.# 33.

## Discussion

Plaintiff bases her request for remand solely on the fact that she reduced her request for damages to below the jurisdictional threshold of $75,000 after her suit was properly removed under diversity jurisdiction.  The law on this issue is clear: if jurisdictional requirements are met at the time of removal, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).  In addition, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."  Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).  Finally, the Ninth Circuit observed that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction ... if the amount in controversy subsequently drops below the minimum jurisdictional level."  Hill v. Blind Indus. & Servs., 179 F.3d 754, 757 (9th Cir.1999).  Plaintiff acknowledges that the Court had jurisdiction over the suit at the time of removal, but in her original motion, Plaintiff claims the Court lost jurisdiction after she filed her amended complaint.  Dkt.# 33.  This is wrong.  The Court continues to have jurisdiction in this case even though plaintiff seeks less than $75,000 in her amended complaint.

In her reply to GEICO's response, plaintiff argues for the first time that this Court has the discretion to remand this case.  Because this argument was raised after GEICO had filed its opposition to the motion, GEICO was deprived of the opportunity to respond.  The Court need not, therefore, consider this alternative and untimely argument.  However, given the fact that we are past the discovery cutoff and on the eve of trial, the Court retains this case in federal court.

ORDER DENYING REMAND

**Conclusion**

Having considered the parties' memoranda, supporting documentation, and the remainder of the record, the court DENIES the motion to remand (Dkt.# 33).

DATED this 22nd day of October, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING REMAND
-3-