UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTRALITTA TOWNSLEY,

　　Plaintiff,

　　v.

GEICO INDEMNITY COMPANY,

　　Defendant.

Case No. C12-1909RSL

ORDER DENYING MOTION TO COMPEL AND MOTION FOR CONTINUANCE

　　This matter comes before the Court on Defendant GEICO Indemnity Company's ("GEICO") "Second Motion to Compel Re: Security Administration Records Release; Request for Trial Continuance; and/or Other Appropriate Relief Under FRCP 37" (Dkt. # 39). Having considered the parties' memoranda, supporting documents, and the remainder of the record, the Court finds as follows:

　　(1) This case arises out of a car accident involving Plaintiff. Dkt. # 30 ¶¶ 4.1-4.5. At the time of the accident, Plaintiff's insurance policy with GEICO contained underinsured motorist ("UIM") coverage. Id. ¶ 1.1. Plaintiff now seeks to recover her UIM policy limits of $50,000. Id. ¶ 6.1.

　　(2) In July 2013, the Court granted Defendant's unopposed motion to compel Plaintiff's Social Security Administration ("SSA") records. Dkt. # 27. The Order instructed Plaintiff to

ORDER DENYING MOTION TO COMPEL
AND MOTION FOR CONTINUANCE - 1

provide Defendant with a signed authorization for the release of her SSA records. Id. at 2. Plaintiff complied with the Court's Order and gave Defendant a signed SSA records release form in July 2013. Dkt. # 40-1 at 16.

(3) On September 14, 2013, more than one month after the discovery deadline passed, dkt. # 22, Defendant received Plaintiff's records from SSA, id. ¶ 5. Additionally, Defendant received notice from the Public Disclosure Division of the Washington Department of Social and Health Services ("DSHS") indicating that DSHS would not release Plaintiff's DSHS records without a signed authorization for the release of those records. Id.; Dkt. # 40-1 at 33 ("Client submitted a SSA auth hoping to obtain DSHS records."). Based on its belief that it had not received a complete set of Plaintiff's SSA records and DSHS may have additional relevant documents, Defendant asked Plaintiff to sign a new authorization for the release of her DSHS records. Dkt. # 40-1 at 12. Plaintiff declined to sign the DSHS records release. Dkt. # 45-2.

(4) Despite Defendant's argument to the contrary, the Court finds that Plaintiff complied with the Court's July 5, 2013 Order when she provided Defendant with a signed SSA records release form authorizing the release of her SSA records. Dkt. # 40-1. In its motion, Defendant refers to this situation as a "DSHS/SSA 'snafu.'" Dkt. # 39 at 10. Defendant, however, fails to recognize that DSHS and SSA are separate agencies. By moving to compel Plaintiff to authorize DSHS to release her DSHS records, Defendant now seeks to compel the release of records entirely separate from those it earlier sought to obtain from SSA.

(5) Additionally, there is no indication in the record that Defendant ever requested or attempted to obtain Plaintiff's DSHS records before the close of discovery. The first time Defendant raised this issue was more than one month after the discovery cut-off. Dkt. # 40-1 at 12. Defendant filed its motion to compel more than two months after the deadline for filing motions related to discovery. Dkt. # 22. Defendant's second motion to compel is therefore DENIED.

(6) Turning to Defendant's request to continue the trial date, Defendant requests a sixty-

ORDER DENYING MOTION TO COMPEL
AND MOTION FOR CONTINUANCE - 2

1  day continuance of the trial date to allow sufficient time to obtain Plaintiff's DSHS records and
2  prepare for trial.  Dkt. # 39 at 1-2, 10.  Because the Court DENIES Defendant's motion to
3  compel, the Court finds that Defendant has not established good cause to warrant a continuance
4  and DENIES the motion to continue the trial date.  Fed. R. Civ. P. 16(b)(4).

6  For all of the foregoing reasons, Defendant's second motion to compel and request for
7  trial continuance (Dkt. # 39) is DENIED.

9  Dated this 7th day of November, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO COMPEL
AND MOTION FOR CONTINUANCE - 3